UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANCE KEITH WILSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1494** |
| **DANIEL FLEISCHMAN** | **SECTION: "E"(5)** |

## REPORT AND RECOMMENDATION

Petitioner, Vance Keith Wilson, Jr., a state pretrial detainee confined at the St. Tammany Parish Jail, filed the instant federal petition pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief. The matter was referred to the undersigned. For the following reasons, it is recommended that his petition be **DISMISSED WITHOUT PREJUDICE**.

### Procedural History

Wilson was arrested on June 22, 2020. On June 24, 2020, he appeared before Judge Daniel G. Foil for a 72-hour hearing to determine bond and counsel.[1] The minute entry for that hearing showed that he was arrested on charges of resisting a police officer with force or violence (La. R.S. 14:108.2), possession of drug paraphernalia (La. R.S. 40:1023), improper lane usage (La. R.S. 32:79), and battery of a police officer (La. R.S. 14:34.2). The court ordered that bond be set in the amount of $2,500.00 cash, property or surety. On June 27, 2020, he was released after posting a commercial surety bond in that amount.[2]

---

[1] State Rec., Vol. 3 of 3, Minute Entry, 6/24/2020.

[2] State Rec., Vol. 1 of 3, Commercial Surety Bond, Tab 2 (attachments include Felony Allotment Research Form (which at the time included the one felony charge of resisting a police officer with force or violence), Bankers Insurance Company Power of Attorney, and St. Tammany Parish Sheriff's Office Appearance Bond Receipt).

On July 16, 2020, Wilson was formally charged by felony bill of information with resisting a police officer with force or violence (La. R.S. 14:108.2) and possession of a Schedule II controlled dangerous substance (CDS), less than two grams of Methamphetamine (La. R.S. 14:967 C(1)).[3] He was charged separately with two misdemeanor counts, possession of drug paraphernalia (La. R.S. 40:1023 C and 40:1025 A(1)) and improper lane usage (La. R.S. 32:79).[4]

On August 3, 2020, Wilson appeared for arraignment before Judge August J. Hand with his appointed public defender, Daniel Ginnetty.[5] He entered a plea of not guilty to the two felony charges, resisting a police officer with force or violence and possession of a Schedule II CDS. The matter was assigned for pretrial conference and felony jury trial.

On January 13, 2021, Wilson and his attorney were present for trial before Judge William H. Burris.[6] Wilson's attorney, Daniel Ginnetty, represented several defendants in court that day. The trial judge stated at the outset that "all those individuals on the docket who are present and who are facing a charge under the Uniform Controlled Dangerous Substances law will be taking a drug test today."[7] The trial judge explained that the drug

---

[3] State Rec., Vol. 1 of 3, Bill of Information, St. Tammany Parish (felony docket Case # 3284-F-2020).

[4] State Rec., Vol. 3 of 3, Bill of Information, St. Tammany Parish (misdemeanor docket Case # 3285-M-2020).

[5] State Rec., Vol. 1 of 3, Minute Entry, 8/3/2020, Tab 3.

[6] State Rec., Vol. 1 of 3, Minute Entry, 1/13/2021, Tab 4; Transcript of Proceedings, (1/13/2021), Tab 5.

[7] State Rec., Vol. 1 of 3, Transcript (1/13/2021), p. 2.

2

tests were ordered and authorized pursuant to Louisiana Code of Criminal Procedure article 320(D). Defense counsel's objection to the mandatory drug testing was overruled[8] and Wilson tested positive for various illegal substances.[9] Wilson declined a plea offer.[10] His bond was revoked for failure to comply with bond conditions, and he was remanded to the custody of the St. Tammany Parish Sheriff's Office.

On January 21, 2021, counsel filed a notice of intent to apply for supervisory writs to the court of appeal. The trial court set a return date for February 12, 2021. Also, on that same date, Wilson's counsel filed a motion to set bond.[11] That motion was set for hearing on March 15, 2021. Wilson timely filed his application for supervisory writs with the Louisiana First Circuit Court of Appeal requesting expedited consideration.[12] He assigned

---

[8] As summarized on appeal, defense counsel objected, arguing that Louisiana Code of Criminal Procedure article 320(D) did not authorize the order for drug testing and applying the article in that manner violated due process and the Fourth Amendment. *See* State Rec., Vol. 2 of 3, First Circuit Supervisory Writ Application, p. 6 (Statement of the Case).

[9] Among the controlled substances he tested positive for was methamphetamine, the same substance for which he was facing felony possession charges, as well as amphetamines, marijuana, oxys and buprenorphines. State Rec. Vol. 1 of 3, Transcript, pp. 30-31.

[10] State Rec., Vol 1 of 3, Transcript (1/13/2021), pp. 31-32. The trial court asked the prosecutor to set forth Wilson's potential status, if he was found guilty as a multiple offender, and the plea offer. The State asserted that Wilson had at least three prior felony convictions and faced sentencing as a quadruple offender. If found guilty of any of the felony charges, he faced a mandatory minimum of 20 years imprisonment or a maximum of 40 years, if run consecutively. The State offered to treat Wilson as a second-felony offender with a sentence of seven years if he pleaded guilty.

[11] State Rec., Vol. 1 of 3, Motion to Set Bond, Tab 7.

[12] State Rec., Vol. 2 of 3, Original Application for Supervisory Writs to the Louisiana First Circuit Court of Appeal (Expedited Consideration Requested), No. 2021 KW 0167.

four errors for review:     (1) the trial court improperly construed Louisiana Code of Criminal Procedure article 320(D) to authorize the order that Wilson submit to a drug screen; (2) the trial court erred by construing article 320(D) to mandate revocation of bond as a consequence of a failed drug screen; (3) the court's interpretation of article 320(D) and its application deprived Wilson of due process and his right to privacy and to be free from unreasonable search and seizure; and (4) the trial court abused its discretion by remanding Wilson to jail instead of considering a lesser sanction like referral to bond court as a sanction for a single positive drug screen.[13]    The motion to set bond, which was filed and pending in the state trial court, was attached as an exhibit to the supervisory writ application.    The court of appeal denied relief on February 24, 2021.[14]

On March 15, 2021, the state trial court considered the motion to set bond.    The state-court record does not include a transcript of the hearing, but the minute entry for that date shows that Wilson's attorney waived his appearance, arguments were heard on behalf of the defendant and the State, and the matter was submitted to the court and denied. Defense counsel's objection to the ruling was noted for the record.[15]

On March 26, 2021, Wilson filed an application for writ of certiorari with the Louisiana Supreme Court with priority consideration requested since Wilson had been

---

[13] State Rec., Vol. 2 of 3, Case No. 2021 KW 0167, Application for Supervisory Writs, p. 9.

[14] *State v. Wilson*, 2021 KW 0167, 2021 WL 718709 (La. App. 1 Cir. Feb. 24, 2021); State Rec., Vol. 2 of 3.

[15] State Rec., Vol. 1 of 3, Minute Entry, 3/15/2021.

incarcerated without bond since January 13, 2021.[16] He requested that his bond be reinstated or that he be released without the necessity of posting bond due to the trial court's erroneous interpretation and unconstitutional application of article 320(D). On April 20, 2021, the Louisiana Supreme Court denied relief.[17]

On August 4, 2021, Wilson filed his federal petition for habeas corpus relief in this Court. In his petition, he raises four claims for relief with supporting facts: (1) his bond was illegally revoked; (2) his counsel failed to effectively represent him; (3) he is being detained without bond; and (4) the prosecutor and defense counsel threatened to impose an illegal sentence in an attempt to coerce him into accepting a plea offer. In his request for relief, he states "quash petitioner's bill of information or restore Petitioner's liberty by restoring his posted bond and any other relief the Court deems proper and necessary."[18] On September 29, 2021, the matter was referred to the undersigned United States Magistrate Judge.[19]

On October 18, 2021, the State filed a response asserting that Wilson is not entitled to relief because the *Younger* abstention doctrine bars consideration, he has not exhausted

---

[16] State Rec., Vol. 3 of 3, Louisiana Supreme Court Application for Supervisory Writs of Certiorari or Review No. 21 KK 455.

[17] *State v. Wilson*, 2021-KK-00455 (La. 2021), 313 So.3d 1228 (Hughes and Griffin, J. would grant); State Rec., Vol. 3 of 3.

[18] Rec. Doc. 4, p. 7.

[19] Rec. Doc. 9.

his state-court remedies as to some claims, and his claims lack merit.[20]   On October 22, 2021, the undersigned granted an unopposed motion to appoint counsel, Colin Reingold, to represent Wilson in this matter and an extension of time for appointed counsel to file a reply on Wilson's behalf to the State's response.[21]   On November 27, 2021, Wilson's counsel filed a reply to the State's response.[22]   He concedes that two of the four claims for relief (Claim 2 – ineffective assistance of counsel and Claim 4 – involuntary guilty plea) were not exhausted in the state courts, and the Court accepts the concession by Wilson's counsel as tacit withdrawal of the unexhausted claims with the understanding, as expressed by his counsel, that Wilson may re-raise those claims at some future date if appropriate.[23]   Wilson also contends that the Court need not abstain from deciding the remaining claims and should grant relief.

**Law and Analysis**

A state pretrial detainee challenging his pretrial detention allegedly in violation of the Constitution or laws or treaties of the United States may pursue a writ of habeas corpus under 28 U.S.C. § 2241.   *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011); 28 U.S.C. § 2241(c)(3).   Section 2254(d) deference is inapplicable to habeas petitions brought by pretrial detainees under § 2241.   *Martinez*, 644 F.3d at 242.   The exhaustion doctrine

---

[20] Rec. Doc. 12, Response to Petition for Habeas Corpus Relief.

[21] Rec. Docs. 14, 16.

[22] Rec. Doc. 17, Reply.

[23] Rec. Doc. 17, p. 1 n. 2.

applies to Section 2241(c)(3), not pursuant to any statutory authority, but rather, as a judicially created doctrine based on comity and federalism to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987).

Wilson was proceeding *pro se* at the time he filed the instant federal petition alleging his grounds for relief. Though enumerated as two separate claims, the issues raised in claim numbers one and three both stem from the sole grounds for relief alleged in his petition and argued in supervisory writ applications to the state courts, that is, he is currently illegally confined without the ability to post a new bond after his original bond was revoked for failing a court-imposed drug test on the day he appeared in court for trial.[24] In the reply filed by counsel, he argues that Wilson's related claims were exhausted in the state courts and alleges simply that "bond revocation occurred without the basic procedural protections required by due process, and he is now indefinitely detained as a result."[25] He points out that Wilson argued to the state courts that a remand without bail would be "clearly unconstitutional" under the circumstances.[26]

The State asserts that the claim concerning the revocation of bond was properly exhausted, but barred by *Younger*, and the claim concerning his detention without bond was

---

[24] Rec. Doc. 4, Petition, p. 6.

[25] Rec. Doc. 17, p. 1.

[26] Rec. Doc. 17, p. 4.

not exhausted even if not barred under *Younger*. Underlying the State's contention is the fact that the trial court issued two distinct rulings, one in January 2021 revoking Wilson's bond and remanding him to jail for violating conditions of bond, and one in March 2021, denying Wilson's motion to set bond. The January order was not a remand without bond, the State argues, because the trial judge explained at the time that Wilson was *not* being remanded indefinitely without bond. The court stated:

> And I'll state that I don't intend for any individual who does test positive to remand without bond, as you indicated. That is not my intention. I believe the procedure that would be requisite is that they would be remanded, and they would have to post a new bond.
>
> And I would assume that the State, when you are revoked for failing your original bond conditions, the State is required to ask for an increase in that bond. And I'm required to grant an increase in that bond by law, of whatever amount I deem sufficient for the individual.
>
> So they would be remanded until the State requested the motion to increase, and I was able to have a hearing with that individual and do my job according to the law.[27]

The motion to set bond filed by defense counsel was set for hearing in March 2021 and denied. Wilson remains in jail without bond.

The relief sought by Wilson in the state courts was the overturning of the January 2021 ruling revoking bond and reinstate and release him on his original bond.[28] Wilson's supervisory writ application, as per the request for expedited consideration, was denied in

---

[27] State Rec., Vol. 1 of 3, Transcript of Proceedings, 1/13/2021, p. 15; see also p. 37 (reiterating that he was not being held without bond and that defendant or the State could move to set bond at any time).

[28] State Rec., Vol. 2 of 3, Louisiana First Circuit Supervisory Writ Application, p. 30.

February 2021, *before* the trial court heard Wilson's motion to set bond. The circumstances surrounding the trial court's decision subsequently to deny bond were not presented to the state courts. The state-court record contains no transcript from the hearing or reasons for the determination. Yet, the fact remains that Wilson would not be detained currently had his original bond not been revoked.

The Court rejects the State's position in favor of liberally construing Wilson's claims for relief as fairly encompassing the factual and legal grounds raised by his counsel in the state courts immediately following the January ruling revoking his bond. Understandably, defense counsel immediately attempted to seek supervisory writs of review for his client, who was remanded to jail after his bond was revoked, rather than waiting until the pending motion to set bond was ultimately heard and denied two months later. He explained the procedural history and attached a copy of the pending motion to set bond to his supervisory writ application filed with the court of appeal. When the motion to set bond was denied, Wilson was before the Louisiana Supreme Court, and that court was aware of the history of the case, including not only the revocation of the bond, but also the subsequent ruling denying the motion to set bond. The Court finds that the principles underlying the exhaustion requirement for habeas petitions filed under Section 2241 were satisfied and the essential purposes served in this case.[29]

---

[29] No argument has been asserted or legal grounds cited by counsel in this case in the context of a Section 2241 petition that contains mixed claims for relief, namely both admittedly exhausted (claims one and three) and unexhausted claims (claims two and four). Furthermore, counsel for Wilson has tacitly withdrawn the unexhausted claims. Therefore, the Court declines to decide whether there is any prohibition in this context to deciding the merits of exhausted claims raised in a mixed Section 2241 petition. *Cf. Rose v. Lundy*, 455 U.S. 509, 510 (1982) (requiring total exhaustion in the context of a Section 2254

The Court must also decide whether the *Younger* abstention doctrine precludes review of one or both claims for relief. The United States Fifth Circuit Court of Appeals set forth the applicable law and three-part test for *Younger* abstention:

> The Supreme Court held in *Younger v. Harris* that, when a party in federal court is simultaneously defending a state criminal prosecution, federal courts "should not act to restrain [the state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Its conclusion was motivated by the "basic doctrine of equity jurisprudence," "notion[s] of 'comity,' " and "Our Federalism." *Id*. Courts apply a three-part test when deciding whether to abstain under *Younger*. There must be (1) "an ongoing state judicial proceeding" (2) that "implicate[s] important state interests" and (3) offers "adequate opportunity" to "raise constitutional challenges." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

*ODonnell v. Harris County*, 892 F.3d 147, 156 (5th Cir. 2018). If those three factors are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate." *Younger*, 401 U.S. at 45, 53–54; *accord Moore v. Sims*, 442 U.S. 415, 432–33, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

In this case, Wilson asks the Court to quash the bill of information filed against him or

---

petition); *Rhines v. Weber*, 544 U.S. 269 (2005) (recognizing a court's authority to stay a Section 2254 mixed petition in limited circumstances while a petitioner returns to state court to exhaust some claims).

restore his original bond and release him in connection with his pending state-court criminal prosecution. The State and Wilson differ on the first *Younger* factor, which implicates concerns of comity and federalism, regarding whether there are ongoing state judicial proceedings. Citing a Ninth Circuit decision, Wilson contends that the ongoing state criminal prosecution is entirely distinct from the pretrial bond process. However, the Court finds that here, the federal petition, and in particular, the relief requested, would clearly interfere with the ongoing criminal proceedings in which Wilson is facing multiple criminal charges for which he has been denied bond. *See Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) ("the interference with ongoing state proceedings need not be direct to invoke *Younger* abstention"); *Malone v. Gallagher*, 285 F. Appx. 152 (5th Cir. 2008) (deferring to unchallenged district court conclusion in 42 U.S.C. § 1983 case that the *Younger* abstention doctrine required dismissal of complaint claiming the state-court judge violated prisoner's constitutional rights by denying his motion for release on a personal recognizance bond); *Gibson v. Orleans Parish Sheriff*, 971 F. Supp.2d 625, 630 (E.D. La. 2013) (reasoning in a Section 2241 habeas that pretrial detainee was still being prosecuted and was scheduled for criminal trial, and if the court were to release petitioner from the custody of Orleans Parish, the Court would interfere with the state court's ability to conduct its proceedings); *Wetzel v. Smith*, 21-526, 2021 WL 1549926, at *2 (E.D. La. Apr. 20, 2021) (Vance, J.) (Section 2241 relief would interfere with ongoing criminal proceedings and the state court's ability to conduct them because petitioner was still being prosecuted). The ability to determine and set bond for defendants in order to ensure the orderly management of criminal case dockets and the safety of the community, subject to review by the state

11

appellate courts, is a critical and integral part of pending state criminal proceedings. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1512-13 (D. Kan. 1996). Moreover, the criminal district court retains trial jurisdiction over the offense charged and continuing authority to fix and modify bail for a defendant in criminal proceedings as circumstances warrant. *See generally*, La. C.Cr.P. arts. 312, 314, 319. The Court declines to apply the reasoning used by the Ninth Circuit in *Arevalo v. Hennessy*, 882 F.3d 763 (9th Cir. 2018), as urged by Wilson, to avoid abstention in an excessive bail case where the state admitted petitioner did not receive due process and a fair bail hearing. That decision sets no binding precedent in this circuit and was decided on unique facts and circumstances peculiar to that case but not present here. *Arevalo*, 882 F.3d at 764-65.

Second, and obviously intertwined with the first *Younger* factor, the underlying state proceeding concerns the enforcement of state criminal laws, something in which the state has a strong interest. *Gates v Strain*, 885 F.3d 874, 880 (5th Cir. 2018); *Wetzel*, 21-526, 2021 WL 1549926, at *2 (E.D. La. Apr. 20, 2021) (Vance, J.) (citing *DeSpain v. Johnston*, 731 F2d 1171, 1176 (5th Cir. 1984)). The Supreme Court recognizes that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). The State has an undeniably significant interest in ensuring defendants' appearance at trial and preventing crimes by criminal defendants. *See United States v. Salerno*, 481 U.S. 739, 750 (1987) ("[t]he government's interest in preventing crime by arrestees is both legitimate and compelling"); *Bell v. Wolfish*, 441 U.S. 520, 534 (1979) ("the Government has a

12

substantial interest in ensuring that persons accused of crimes are available for trials").

Third, there was an adequate opportunity provided in the state courts to raise and resolve federal questions related to the bond decisions. The statutory scheme expressly afforded Wilson the right to challenge his detention without bond in the state courts. La. C.Cr.P. art. 312(H). Whether or not he was successful in doing so is not relevant. *See Moore v. Sims*, 442 U.S. 415, 430 (1979); *see also Victoria v. Bodiford*, 21-01836, 2021 WL 3726707, at *2 (D. S. Carolina Aug. 20, 2021). The issue is whether Wilson had an adequate opportunity to raise his federal constitutional concerns in the state courts, which he clearly did. He was present with counsel and given ample opportunity to argue at length in opposition to the revocation of bond; counsel argued on his behalf at the hearing on his motion to set bond; and counsel filed supervisory writ applications raising the constitutional challenges before the courts of appeal. Thus, all abstention factors are present and preclude federal interference unless an exception applies. *See*, *e.g.*, *Price v. Kansas*, 21-3248, 2021 WL 5205440 (D. Kansas Nov. 9, 2021) (abstaining under *Younger* and dismissing Section 2241 petition by pretrial detainee facing criminal charges and alleging excessive bail requirement); *Dale v. Bradshaw*, 21-81383, 2021 WL 3566304 (S.D. Fla. Aug. 12, 2021) (abstaining under *Younger* and dismissing Section 2241 petition by pretrial detainee requesting that the district court reduce or unsecure his bond); *Waldon v. Oklahoma*, 21-121, 2021 WL 2109226 (W.D. Oklahoma May 25, 2021) (abstaining under *Younger* and dismissing Section 2241 petition by pretrial detainee alleging violations regarding illegal search and seizure, bail, ineffective assistance of counsel, prosecutorial misconduct); *Sparks v. Mitchell County*, 21-00050, 2021 WL 781508 (W.D. North Carolina March 1, 2021)

(abstaining under *Younger* and dismissing Section 2241 petition by pretrial detainee requesting that the district court reduce or unsecure his bond); *Gibson v. Orleans Parish Sheriff*, 971 F. Supp.2d 625 (E.D. La. 2013) (abstaining under *Younger* and dismissing Section 2241 petition by pretrial detainee arguing, among other things, that his due process rights and his right to a fair trial were violated because his $500,000 bail was unreasonable), *aff'd*, 2014 WL 1066987 (5th Cir. Mar. 20, 2014).

Wilson maintains that irreparable harm will result without federal intervention. In essence, he alleges that being detained without bond, that is, his deprivation of physical liberty on two relative felonies for 11 months constitutes an exceptional circumstance that requires an extraordinary remedy. However, *Younger* demands other "extraordinary circumstances" threaten[ing] "irreparable loss *[that] is both great and immediate*." For example, such relief may be warranted and "extraordinary circumstances" may justify intervention in circumstances where double jeopardy or speedy trial rights are at issue. *See*, *e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973) (the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution). No such relief for violation of double jeopardy or enforcement of his right to a speedy trial is requested in this case.

Here, Wilson asks the Court to quash the bill of information. In doing so, he is attempting prematurely to litigate and upset his state-court criminal proceedings so that he may obtain his release without a trial. To the extent he asks the Court to reinstate his original bond and release him when the state court expressly denied the request for bond after a hearing on Wilson's motion, that request for relief also cannot be considered an

14

extraordinary circumstance. Whether the ruling denying Wilson bail in this case is supported by state law— a determination the federal court is not authorized to make under its federal habeas review authority and one that is impossible in any event because no transcript of that hearing was made available—is not an issue that presents extraordinary circumstances warranting federal-court intervention.[30] Wilson's due process and right to privacy arguments hinge entirely upon his underlying contention that the trial court had no authority under state law and criminal procedure to order the drug test, revoke his bond when he tested positive, remand him to jail and deny his motion to set bond. To the extent Wilson argues that the bail determination violated Louisiana law and the Louisiana Constitution,[31] that claim is not cognizable on federal habeas review because it asserts no violation of a federal constitutional right. *See Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (per curiam) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *Estelle v. McGuire*, 502 U.S. 62, 67-68

---

[30] Even if not otherwise precluded, the Court has no legal authority to order the relief Wilson seeks. With respect to the denial of bail by the state court for a period of time, the only relief this Court could possibly grant with respect to his "no bail" status would be to order that Wilson be afforded another bail hearing. However, such relief is unnecessary as he was already afforded a hearing on his motion to set bail, which was considered in March 2021. The state-court record includes only a minute entry from this hearing.

[31] La. Const. Art. 1 §18 (Right to Bail); La. C.Cr.P. art. 311, *et seq*. (Title VIII Bail). As Wilson alleged in the state courts and in these federal proceedings, the trial court purportedly overstepped its statutory authority under the Louisiana Code of Criminal Procedure article 320(D) to order a drug test and revoke bail upon Wilson's testing positive and remand him for violating a condition of bond that was never imposed, as provided, for instance, under 320(E), (F) and (K). Rec. Doc. 17, pp. 8-10. In the state courts, Wilson attached a copy of another defendant's minute entry from a 72-hour hearing specifically referencing special conditions of bond because he was arrested on charges of possession of schedule II, Meth. State Rec., Vol. 2 of 3, Paul Darby Minute Entry, 12/23/19.

(1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Wilson be allowed to tacitly withdraw his two unexhausted claims for relief and that his application for federal habeas corpus relief on the remaining claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[32]

New Orleans, Louisiana, this  30th  day of  December , 2021.

                           **MICHAEL B. NORTH**
                          **UNITED STATES MAGISTRATE JUDGE**

---

[32] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.