UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANCE KEITH WILSON, JR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1494** |
| **DANIEL FLEISCHMAN** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Vance Keith Wilson ("Petitioner").[1] On September 29, 2021, this Court referred the Petition to Magistrate Judge Michael North.[2] Warden Daniel Fleischmann ("State") filed a response to the Petition for a Writ of Habeas Corpus on October 18, 2021.[3] On November 27, 2021, Petitioner filed a reply in support of his Petition.[4] On December 30, 2021, Magistrate Judge North issued his Report and Recommendation,[5] which Petitioner filed an objection to on January 13, 2022.[6] On September 30, 2022, the State filed a supplemental response to the Petition for a Writ of Habeas Corpus.[7]

## BACKGROUND

When Petitioner filed the instant Petition for a Writ of Habeas Corpus, he was a pretrial detainee in custody at St. Tammany Parish Jail, awaiting trial on two pending criminal charges.[8] In his § 2241 Petition, Petitioner claims his bond was illegally revoked, and that he has been denied the opportunity to apply for a new bond, in violation of the

---

[1] R. Doc. 4.
[2] R. Doc. 9.
[3] R. Doc. 12.
[4] R. Doc. 17.
[5] R. Doc. 18.
[6] R. Doc. 19.
[7] R. Doc. 21.
[8] R. Doc. 4.

1

Constitution, laws, or treaties of the United States.[9] By way of this litigation, Petitioner "only seeks a constitutionally adequate bond hearing."[10]

On December 30, 2021, Magistrate Judge Michael North issued his Report and Recommendation, recommending "that [Petitioner's] application for federal habeas corpus relief on the remaining claims be dismissed without prejudice."[11]

In his Report and Recommendation, Magistrate Judge North aptly summarized the background of this case as follows:

> Wilson was arrested on June 22, 2020. On June 24, 2020, he appeared before Judge Daniel G. Foil for a 72-hour hearing to determine bond and counsel. The minute entry for that hearing showed that he was arrested on charges of resisting a police officer with force or violence (La. R.S. 14:108.2), possession of drug paraphernalia (La. R.S. 40:1023), improper lane usage (La. R.S. 32:79), and battery of a police officer (La. R.S. 14:34.2). The court ordered that bond be set in the amount of $2,500.00 cash, property or surety. On June 27, 2020, he was released after posting a commercial surety bond in that amount.
>
> On July 16, 2020, Wilson was formally charged by felony bill of information with resisting a police officer with force or violence (La. R.S. 14:108.2) and possession of a Schedule II controlled dangerous substance (CDS), less than two grams of Methamphetamine (La. R.S. 14:967 C(1)). He was charged separately with two misdemeanor counts, possession of drug paraphernalia (La. R.S. 40:1023 C and 40:1025 A(1)) and improper lane usage (La. R.S. 32:79).
>
> On August 3, 2020, Wilson appeared for arraignment before Judge August J. Hand with his appointed public defender, Daniel Ginnetty. He entered a plea of not guilty to the two felony charges, resisting a police officer with force or violence and possession of a Schedule II CDS. The matter was assigned for pretrial conference and felony jury trial.
>
> On January 13, 2021, Wilson and his attorney were present for trial before Judge William H. Burris. Wilson's attorney, Daniel Ginnetty, represented several defendants in court that day. The trial judge stated at the outset that "all those individuals on the docket who are present and who are facing a

---

[9] *Id.*
[10] R. Doc. 19 at p. 3 (Petitioner "is only asking this Court to restore the liberty that was stripped from him without process, and require the state court to follow proper procedures should it attempt to remove that liberty again.").
[11] R. Doc. 18 at p. 16.

charge under the Uniform Controlled Dangerous Substances law will be taking a drug test today." The trial judge explained that the drug tests were ordered and authorized pursuant to Louisiana Code of Criminal Procedure article 320(D). Defense counsel's objection to the mandatory drug testing was overruled and Wilson tested positive for various illegal substances. Wilson declined a plea offer. His bond was revoked for failure to comply with bond conditions, and he was remanded to the custody of the St. Tammany Parish Sheriff's Office.

On January 21, 2021, counsel filed a notice of intent to apply for supervisory writs to the court of appeal. The trial court set a return date for February 12, 2021. Also, on that same date, Wilson's counsel filed a motion to set bond. That motion was set for hearing on March 15, 2021. Wilson timely filed his application for supervisory writs with the Louisiana First Circuit Court of Appeal requesting expedited consideration. He assigned four errors for review: (1) the trial court improperly construed Louisiana Code of Criminal Procedure article 320(D) to authorize the order that Wilson submit to a drug screen; (2) the trial court erred by construing article 320(D) to mandate revocation of bond as a consequence of a failed drug screen; (3) the court's interpretation of article 320(D) and its application deprived Wilson of due process and his right to privacy and to be free from unreasonable search and seizure; and (4) the trial court abused its discretion by remanding Wilson to jail instead of considering a lesser sanction like referral to bond court as a sanction for a single positive drug screen. The motion to set bond, which was filed and pending in the state trial court, was attached as an exhibit to the supervisory writ application. The court of appeal denied relief on February 24, 2021.

On March 15, 2021, the state trial court considered the motion to set bond. The state-court record does not include a transcript of the hearing, but the minute entry for that date shows that Wilson's attorney waived his appearance, arguments were heard on behalf of the defendant and the State, and the matter was submitted to the court and denied. Defense counsel's objection to the ruling was noted for the record. On March 26, 2021, Wilson filed an application for writ of certiorari with the Louisiana Supreme Court with priority consideration requested since Wilson had been incarcerated without bond since January 13, 2021. He requested that his bond be reinstated or that he be released without the necessity of posting bond due to the trial court's erroneous interpretation and unconstitutional application of article 320(D). On April 20, 2021, the Louisiana Supreme Court denied relief.

On August 4, 2021, Wilson filed his federal petition for habeas corpus relief in this Court. In his petition, he raises four claims for relief with supporting facts: (1) his bond was illegally revoked; (2) his counsel failed to effectively represent him; (3) he is being detained without bond; and (4) the prosecutor and defense counsel threatened to impose an illegal sentence in an attempt

3

to coerce him into accepting a plea offer. . . . On September 29, 2021, the matter was referred to the undersigned United States Magistrate Judge.

On October 18, 2021, the State filed a response asserting that Wilson is not entitled to relief because the *Younger* abstention doctrine bars consideration, he has not exhausted his state-court remedies as to some claims, and his claims lack merit. On October 22, 2021, the undersigned granted an unopposed motion to appoint counsel, Colin Reingold, to represent Wilson in this matter and an extension of time for appointed counsel to file a reply on Wilson's behalf to the State's response. On November 27, 2021, Wilson's counsel filed a reply to the State's response. He concedes that two of the four claims for relief (Claim 2 – ineffective assistance of counsel and Claim 4 – involuntary guilty plea) were not exhausted in the state courts, and the Court accepts the concession by Wilson's counsel as tacit withdrawal of the unexhausted claims with the understanding, as expressed by his counsel, that Wilson may re-raise those claims at some future date if appropriate. Wilson also contends that the Court need not abstain from deciding the remaining claims and should grant relief.[12]

Magistrate Judge North recommended that the Court: (1) find that Petitioner's claim concerning the revocation of his bond, and Petitioner's claim concerning his detention without bond, were properly exhausted; and (2) abstain, under *Younger v. Harris*, from reviewing the claims in Petitioner's § 2241 Petition.[13]

On January 13, 2022, Petitioner, through counsel, filed an objection to the Magistrate's Report and Recommendation, contending that the Magistrate Judge erred in concluding Petitioner's claims are barred by the *Younger* abstention doctrine.[14]

On September 30, 2022, the State filed a "supplemental response" to Petitioner's Petition for a Writ of Habeas Corpus.[15] In its response, the State requests the Court dismiss the instant § 2241 Petition as moot because (1) Petitioner has pleaded guilty in

---

[12] *See generally* R. Doc. 18.
[13] R. Doc. 18.
[14] R. Doc. 19.
[15] R. Doc. 21.

the underlying criminal case and (2) "[c]laims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction."[16]

## LAW AND ANALYSIS

"Federal courts have jurisdiction over actual 'cases and controversies.'"[17] Moreover, "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the proceedings."[18] "There are some habeas petitions filed by pretrial detainees that do become moot" post-conviction.[19] These are "usually claims as to which no remedy remains once a conviction has occurred."[20] On September 6, 2022, in the criminal case underlying the instant application for habeas relief, Petitioner entered a plea of guilty to resisting a police officer with force or violence (La. R.S. 14:108.2) and possession of a Schedule II controlled dangerous substance (CDS), less than two grams of Methamphetamine (La. R.S. 14:967 C(1)).[21]

As a result of his conviction, Petitioner is no longer a pretrial detainee for purposes of seeking relief under § 2241.[22] Instead, Petitioner is now detained under a state court judgment of conviction, meaning he is no longer eligible for pretrial relief.[23] It is well-settled that habeas challenges to pretrial bail decisions are mooted by a petitioner's

---

[16] *Id.* at pp. 1-2 (internal quotations omitted).
[17] *Bauer v. Thaler*, 2010 WL 241463, at *3 (N.D. Tex. 1/19/2010) (citing U.S. CONST. art. III; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)).
[18] *Id.* (citing *Geraghty*, 445 U.S. at 395-97; *Rocky v. King*, 900 F.2d 864, 866 (5th Cir.1990)).
[19] *See, e.g., Yanh v. King*, 2014 WL 30957, at *3 (N.D. Calif. 1/28/2014).
[20] *Id.*
[21] *See* R. Doc. 21-1 at pp. 2-3.
[22] *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that a habeas petition challenging the validity of pretrial detention was rendered moot by the petitioner's subsequent conviction).
[23] *Id.*

5

subsequent conviction.[24] For example, in *Medina v. People of State of California*, the U.S. Court of Appeals for the Ninth Circuit was faced with a case similarly postured to the one at bar.[25] In *Medina*, the State of California appealed from "an order of the United States District Court granting" the petitioner's "petition for a writ of habeas corpus."[26] The district court granted the writ "on the ground that [petitioner's] bail, pending trial, had been unconstitutionally revoked . . . ."[27] After the appeal was filed, the petitioner was "convicted in the state court."[28] The Ninth Circuit, on account of the subsequent conviction, found the "cause [wa]s now moot."[29] Like the petitioner in *Medina*, Petitioner's claims for pretrial relief here are now moot in light of his subsequent conviction in state court, and his petition must be dismissed for that reason.

## CONCLUSION

**IT IS ORDERED** that Vance Keith Wilson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED AS MOOT**.

**New Orleans, Louisiana, this 6th day of January, 2023.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[24] *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing *Fassler*, 858 F.2d at 1018); *see also Thornton v. Johnson*, 2001 WL 204777, at *4 (N.D. Tex. 2/27/2001), R&R adopted by 2001 WL 313959 (N.D. Tex. 3/30/2001); *see also Yanh v. King*, 2014 WL 30957, at *3 (N.D. Calif. 1/28/2014).
[25] 429 F.2d 1392 (9th Cir. 1970).
[26] *Id.*
[27] *Id.* at 1392-93.
[28] *Id.* at 1393.
[29] *Id.*